The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. On April 6, 1992, the date of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, the employee-employer relationship existed between plaintiff and defendant.
3. At such time, defendant was self-insured with Crawford and Company as servicing agent.
4. At such time, plaintiff's average weekly wage was $343.20.
5. Medical records from Cleveland Memorial Hospital, Cleveland County Physical Therapy, Shelby Bone and Joint Clinic, Metrolina Orthopaedic, and Dr. Becknell and England, collectively marked as Stipulated Exhibit #1, are received into evidence.
6. Industrial Commission Form 19, marked as Stipulated Exhibit #2, is received into evidence.
7. Personnel records concerning plaintiff, marked as Stipulated Exhibit #3, are received into evidence.
8. A Job description concerning plaintiff's current employment with Sara Lee, marked as Stipulated Exhibit #4, is received into evidence.
* * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. On April 6, 1992, plaintiff, who is 57 years of age, was employed by defendant in the burling and mending department, and had been so employed for approximately eight months. Plaintiff's duties required her to pull material off of frames, inspect the material, and pick out the impurities.
2. On April 6, 1992, plaintiff went to the company nurse for a physical examination in contemplation of a transfer to the dry finishing department. Plaintiff was returning to her work station from her physical examination when a large plastic door closed on her, knocking her to the concrete floor onto her right shoulder and right leg, at which time she experienced an onset of pain in her right shoulder and right knee. This incident constituted an unlooked for and untoward event which was not expected or designed by plaintiff. Plaintiff reported this incident to her supervisor immediately, and was seen thereafter by the company nurse. Upon examination by the company nurse, plaintiff exhibited a full range of motion in her right shoulder and right knee, whereupon the company nurse returned plaintiff to work in the burling and mending department.
3. Thereafter, plaintiff worked at her regular job in the burling and mending department for a few more days, worked for 19 days in the dry finishing department, and then returned to her regular job in the burling and mending department, where she worked until November 11, 1992. On November 11, 1992, plaintiff was terminated from her employment for reasons unrelated to the instant claim. On December 1, 1992, plaintiff began work at Sara Lee in the cutting department where part of her job duties required her to push and pull buggies weighing between 30-50 pounds on a regular basis.
4. Plaintiff saw her family physician, Dr. Becknell, on April 17, 1992, for complaints related to a hiatal hernia and bronchitis, but did not complain of pain in her right shoulder or her right knee.
5. Plaintiff first sought medical treatment for her right shoulder pain on July 10, 1992, at which time she saw Dr. Becknell and exhibited a full range of motion in her right shoulder with some pain. Plaintiff next sought medical treatment for right shoulder pain and, for the first time, right knee pain on March 17, 1993 when she saw Dr. England. Thereafter, plaintiff was seen by Dr. Mangum, who surgically repaired a torn rotator cuff in her right shoulder on May 25, 1993, and Dr. Estwanik. Dr. Mangum released plaintiff to return to work as tolerated on November 12, 1993.
6. In addition to her torn rotator cuff in her right shoulder, plaintiff has osteoarthritis of the right knee.
7. The convincing and credible evidence of record, and in particular the expert medical testimony obtained, fails to sufficiently establish that plaintiff sustained an injury to her right shoulder consisting of a torn rotator cuff, or to her right knee, including a material aggravation of her osteoarthritis, as aresult of the April 6, 1992 incident of work.
8. Plaintiff's contention that defendant prohibited her from seeking medical attention for her right shoulder and right knee pain following the April 6, 1992 incident, is not accepted as credible or convincing by the undersigned and in light of convincing evidence to the contrary.
* * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. On April 6, 1992, plaintiff did not sustain aninjury by accident arising out of and in the course of her employment with defendant. G.S. 97-2(6).
2. Plaintiff, therefore, is entitled to no compensation under the North Carolina Workers' Compensation Act. G.S. 97-2(6).
* * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be, and the same is HEREBY DENIED.
2. Each side shall pay its own costs, except that defendant shall pay expert witness fees in the amount of $140.00 to Dr. George Becknell, $300.00 to Dr. Gary Mangum, and $200.00 to Dr. Joseph Estwanik.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the ___________ day of _________________________, 1995.
 S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _________________ J. RANDOLPH WARD COMMISSIONER
S/ _________________ DOUGLAS BERGER DEPUTY COMMISSIONER
JHB/nwm 06/05/95